IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| KATHERINE LOUISE ALLEN,<br><br>Plaintiff,<br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | No. C 14-4008-MWB<br><br>ORDER REGARDING REPORT AND RECOMMENDATION |

This case is before me on a Report and Recommendation (R&R) from Judge Leonard Strand, filed on January 23, 2015 (docket no. 20). In the R&R, Judge Strand recommends that I reverse a decision by the Commissioner of Social Security (the Commissioner) denying Plaintiff Katherine Louise Allen's (Allen) application for Supplemental Security Income (SSI) benefits until Title XVI of the Social Security Act, 42 U.S.C. § 401 *et seq*. (Act) and that I remand this case for further proceedings.

On remand, Judge Strand recommends that the Administrative Law Judge (ALJ) "consider the entire record, including Dr. Patrick's treatment records, and re-weigh all of the medical opinions, providing good reasons supported by substantial evidence in the record for the weight given to each." Report at 22–23. Additionally, Judge Strand recommends that the ALJ "reassess Allen's credibility in light of the entire record, including the new evidence." *Id*. at 23. Finally, Judge Strand recommends that the ALJ "consider what effect, if any, these determinations have on Allen's [Residual Functional Capacity] and the ultimate issue of whether she is disabled within the meaning of the Act." *Id*. No party has filed objections to the R&R, and the 14-day

window in which parties may file objections is now closed. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).

In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas v. Arn*, 474 U.S. 140, 154 (1985). Because the parties filed no objections, they have waived their right for me to review the R&R *de novo* and their right to appeal from Judge Strand's findings of fact. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009). Therefore, I review Judge Strand's R&R under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error."). The United States Supreme Court has explained that "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

While I examine Judge Strand's R&R for clear error, I also review the Commissioner's decision to determine whether the correct legal standards were applied and "whether the Commissioner's findings are supported by substantial evidence in the record as a whole." *Page v. Astrue*, 484 F.3d 1040, 1042 (8th Cir. 2007) (quoting *Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir. 1999)). Under this deferential standard, "[s]ubstantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002); *see also Page*, 484 F.3d at 1042. In reviewing the Commissioner's denial of benefits to determine if it is supported by substantial evidence, the court must "not only . . . consider evidence in the record that

supports the Commissioner's determination, but also any evidence that detracts from that conclusion." *Draper v. Barnhart*, 425 F.3d 1127, 1130 (8th Cir. 2005) (citing *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir. 2001)). Nonetheless, even if a court "might have reached a different conclusion had [it] been the initial finder of fact," the Commissioner's decision will not be disturbed "unless the record contains insufficient evidence to support the outcome." *See Nicola v. Astrue*, 480 F.3d 885, 886 (8th Cir. 2007) (citations omitted).

In considering Allen's three contentions that the ALJ's decision is not supported by substantial evidence, Judge Strand found the following in his R&R: (1) the ALJ did *not* err by determining Allen's asthma was not severe based on substantial evidence in the record as a whole; (2) the ALJ erred by failing to properly develop the record or provide good reasons for the weight given to different medical opinion evidence, such as Dr. Scott Patrick's opinion (Tr. 377–439); and (3) based on Judge Strand's finding that the record was not fully developed, the reasons provided by the ALJ for discrediting Allen's testimony do not suffice. Report at 9, 18–20, 22. Finally, Judge Strand did not find that Allen is entitled to an immediate award of benefits because the record does not "overwhelmingly support" a finding of disability. *Id.* at 22; *see also Buckner v. Apfel*, 213 F.3d 1006, 1011 (8th Cir. 2000) (noting that a court "may enter an immediate finding of disability only if the record 'overwhelmingly supports' such a finding" (citing *Thompson v. Sullivan*, 957 F.2d 611, 614 (8th Cir. 1992))).

Having reviewed the record, and Judge Strand's persuasive and well-written R&R, I find no clear error. Thus, I adopt the recommendations in Judge Strand's R&R. The Commissioner's decision is reversed and this case is remanded for further proceedings consistent with the R&R. The Clerk shall enter judgment against the Commissioner and in favor of Allen.

**IT IS SO ORDERED**.

**DATED** this 27th day of February, 2015.

                                                                    _____
                                                                    MARK W. BENNETT
                                                                    U.S. DISTRICT COURT JUDGE
                                                                    NORTHERN DISTRICT OF IOWA